IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHARON KUSTER                                          PLAINTIFF

V.                              3:04CV00398JMM

RAMADA INN; RAMADA FRANCHISE
SYSTEMS INC.;RAMADA LIMITED;
CLAYTON INNS, STAN AND KATHY
FORTUNE; SHEILA OSBORN;
BILL FORTUNE AND DWAYNE FOSTER              DEFENDANTS

<u>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**</u>

Pending is the Motion for Summary Judgment of Defendants Clayton Inns, Stan and Kathy Fortune, Sheila Osborn, Bill Fortune, and Dwayne Foster (the "Defendants").[1]  Plaintiff has responded to the Motion for Summary Judgment and the Defendants have filed a reply.  For the reasons set forth below, the Motion for Summary Judgment is GRANTED.

Plaintiff filed suit against the Defendants for violation of her rights under the Americans with Disabilities Act of 1990 ("ADA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and Section 102 of the Family Medical Leave Act of 1993 ("FMLA").  Plaintiff claims she was terminated from her employment on September 8, 2003 due to her age and disability.  Further, Plaintiff claims she was not allowed to take requested leave under the FMLA.

Defendants claim that they are not "employers" as that term is defined under the ADA, ADEA, or FMLA and, therefore, Plaintiff's Complaint must be dismissed.  Moreover, they argue that Plaintiff filed her Charge of Discrimination with the EEOC more than 180 days after the alleged discriminatory action and, therefore, her discrimination claims should be dismissed.

---

[1] Ramada Franchise Systems Inc. was dismissed by stipulation on January 26, 2005. Ramada Inn and Ramada Limited were never served by the Plaintiff and, therefore, are not parties to this action.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

<u>Discussion of the Law</u>

The ADEA prohibits an employer from discharging or discriminating against a person with respect to his compensation, terms, conditions, or privileges of employment because of the person's age. 29 U.S.C. § 623(a)(1). "The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." 29 U.S.C.A. § 630.

The ADA prohibits a covered entity from discriminating against a qualified person with a disability because of the disability with regard to the hiring, advancement, discharge and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112. An "employer" is a covered entity under the ADA. 42 U.S.C. § 12111. "The term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. . . ." 42 U.S.C.A. § 12111.

The FMLA provides that an eligible employee is entitled to 12 weeks of leave during any 12-month period because of a serious health condition that makes the employee unable to perform the functions of the employee's job. 29 U.S.C. § 2612. An eligible employee is defined as an employee who has been employed by an employer for at least 12 months. 29 U.S.C. § 2611. "The term 'employer' – i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during

3

each of 20 or more calendar workweeks in the current or preceding calendar year. . . ."  29

U.S.C.A. § 2611.

In order to be an "employer"under these statutory schemes, the Defendants must have at

least 15, 20, or 50 employees (depending on the statute) for each working day in each of twenty

or more calendar weeks in the current or preceding calendar year.  According to the bi-weekly

payroll records of Clayton Inns, Inc., the company paid wages to 15 or more employees during

one bi-weekly period in 2002 and six bi-weekly periods in 2003.  In other words, Clayton Inns,

Inc. had 15 or more employees for only 14 weeks in the two-year period between 2002 and 2003.

Plaintiff alleges that Clayton Inns, Inc. only submitted the payroll documents for

employees at its Jonesboro hotel and failed to include additional employees working at its

Newport hotel.  The Defendants have disputed this allegation.  According to the affidavits of Bill

Fortune and Stan Fortune, the Newport Park Inn, the hotel alluded to by the Plaintiff, is not

owned by Clayton Inns, Inc.  The Newport Park Inn is owned by Fortune Inns, Inc., a separate

corporation.  During 2002 and 2003, Bill Fortune handled the operations of Fortune Inns, Inc.

and owned 98% of its stock, individually and as trustee.  "Employees of Fortune Inns, Inc. were

compensated by Fortune Inns, Inc. and had no ties or relationship with Clayton Inns, Inc. or its

employees."  (Aff. Of Bill Fortune, at p. 2).

In contrast, Bill Fortune is merely a passive investor in Clayton Inns, Inc.  He does not

participate in the day-to-day operation or business decisions of Clayton Inns, Inc.  Clayton Inns,

Inc. was managed by Stan Fortune until January 2003 when he hired Sheila Osborn as the

General Manager.  Clayton Inns, Inc. holds an ownership interest in only one hotel, the Ramada

Limited in Jonesboro, Arkansas. . . .  Stan Fortune owns 50% of stock in Clayton Inns, Inc. and

Bill Fortune, individually or as trustee, owns 50% of stock in Clayton Inns, Inc.  As evidence of these facts, the Defendants have also provided the stock certificates of the two corporations. Based upon the evidence provided by the Defendants and the Plaintiff's failure to provide any evidence in support of her allegation, the Court finds that Clayton Inns, Inc. and Fortune Inns, Inc. are two separate entities.  Therefore, Clayton Inns, Inc. does not employ the requisite number of employees to be an "employer" as that term is defined under the ADA, ADEA, or FMLA.

Although Plaintiff has not argued this point in her brief, Plaintiff alleges in her Complaint that Defendants Stan and Cathy Fortune, Sheila Osborn, Bill Fortune and Dwayne Foster are also her "employers" under the ADA, ADEA, and FMLA.  The Court finds this allegation to be without merit.  Based upon the facts of this case, the Court finds that Defendants Stan and Cathy Fortune, Sheila Osborn, Bill Fortune and Dwayne Foster are not "employers."

Because Plaintiff's discrimination claims cannot be maintained for other reasons, the Court need not consider the Defendants' argument regarding the timeliness of Plaintiff's EEOC Charge.

In conclusion, Plaintiff has failed to prove that the Defendants are "employers" under the ADA, ADEA, or FMLA.  Therefore, Plaintiff's Complaint must be dismissed.  The Defendant's Motion for Summary Judgment (Docket # 17) is GRANTED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 30th day of August 2005.

James M. Moody
United States District Judge